UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **Leland Foster, Individually**, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:18-cv-91 |
| v. | ) |
| | ) |
| **U.S. MANAGEMENT OF ANGOLA INCORPORATED,** an Indiana corporation for profit, | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, Leland Foster, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., Counsel for Plaintiff, hereby files this Complaint against Defendant **U.S. MANAGEMENT OF ANGOLA INCORPORATED**, an Indiana corporation for profit, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original

1

      jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Indiana as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Leland Foster ("Plaintiff") is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant **U.S. MANAGEMENT OF ANGOLA INCORPORATED** operates and/or owns real estate wherein the businesses of the Ramada Angola/Freemont Area hotel and 6 Autumns Food & Spirits restaurant are located. The property address is at 3855 N, IN-127, Angola, IN 46703 in Steuben County. Plaintiff has patronized Defendant's hotel and restaurant previously as a place of public accommodation.

6. Upon information and belief, the facilities owned by **U.S. MANAGEMENT OF ANGOLA INCORPORATED** are non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA.

2

>  Defendant's facilities as a hotel, restaurant, and place of public accommodation fails to comply with the ADA and its regulations, as also described further herein.

7. Plaintiff is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. Plaintiff has visited the property that forms the basis of this lawsuit as an overnight hotel guest and as a restaurant customer and plans to return to the property to avail himself of the goods and services offered to the public at the property.

8. Mr. Foster visits and spends several days and weekends each summer with friends who own a lake property in nearby Coldwater, Michigan as well as other visits for special occasions. Mr. Foster also enjoys recreation at nearby Pokagon State Park on a regular basis. Mr. Foster is an avid adaptive sports enthusiast and participates regularly in adaptive water skiing as well as fishing at the area's many lakes with other enthusiasts in the community. Leland Foster frequents many establishments in the area and has visited and been an overnight guest at Defendant's hotel and patron at the restaurant, which forms the basis of this lawsuit, most recently on March 5, 2018, and he plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety.

9. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in

3

public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

10. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and restaurant and its amenities without fear of discrimination.

11. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

12. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

13. A preliminary inspection of the Ramada Angola/Fremont Area and 6 Autumns Food & Spirits, including its facilities, has shown that many violations of the ADA exist.  These violations include, but are not limited to:

Accessible Routes and Parking

A. Some designated accessible parking spaces lack required access aisles, in violation of the ADA whose remedy is readily achievable.

B. There are an insufficient number of designated accessible parking spaces per the ADA implementing regulations, in violation of the ADA whose remedy is readily achievable.

C. Some access aisles do not lead to an accessible route due to the lack of curb ramps, in violation of the ADA whose remedy is readily achievable.

D. There is no accessible route to 6 Autumns Food & Spirits due to a lack of curb ramp near the entrance, in violation of the ADA whose remedy is readily achievable.

E. Designated accessible parking lacks signage, in violation of the ADA whose remedy is readily achievable.

F. There are no designated van accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

G. There are cracks and changes in level in excess of ¼ inch on the designated accessible parking surfaces, in violation of the ADA whose remedy is readily achievable.

H. There is no accessible route to the swimming, sauna and other recreational amenities

in that area, in violation of the ADA whose remedy is readily achievable.

Lobby Restroom

I. The lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

J. There are amenities, including toilet seat covers, tissues, and a feminine hygiene product dispenser, that are mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

K. The toilet paper dispenser is not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

L. The water closet rear grab bar is not 36 inches in length, in violation of the ADA whose remedy is readily achievable.

M. There is insufficient latch side clearance to exit the restroom, in violation of the ADA whose remedy is readily achievable.

Access to Goods and Services

N. The registration counter in the lobby exceeds 36 inches above the finish floor and has no lowered registration service transaction counter for disabled customers, in violation of the ADA whose remedy is readily achievable.

O. The lobby business station computer desk for use by guests does not have required knee clearance, in violation of the ADA whose remedy is readily achievable.

P. There are no or an insufficient percentage of seating and standing dining surfaces and tables at the restaurant.

Designated Mobility Accessible Guestroom #103

Q. There is insufficient latch side clearance to exit the guestroom, in violation of the ADA whose remedy is readily achievable.

R. The emergency exit instructions and room information posted on the door is located in excess of allowable height, in violation of the ADA whose remedy is readily achievable.

S. The door hardware on the bathroom door requires tight grasping or twisting, in violation of the ADA whose remedy is readily achievable.

T. The grab bars around the water closet are non-compliant in both their positions and

lengths, in violation of the ADA whose remedy is readily achievable.

U. The toilet paper dispenser is not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

V. There are amenities, including towel bars, mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

W. The pedestal lavatory has insufficient knee and toe clearance, in violation of the ADA whose remedy is readily achievable.

X. Grab bars inside the bathtub are missing and those installed are non-compliant, in violation of the ADA whose remedy is readily achievable.

Y. The faucet controls in the tub require tight-grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

Z. The faucet controls in the tub are not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

AA. The shower spray unit is mounted in excess of allowable reach range and does not have an on-off control with a non-positive shutoff, in violation of the ADA whose remedy is readily achievable.

Jungles & Safaris Pool and Arcade

BB. The Pool and Arcade are inaccessible to guests with mobility impairments due to the presence of stairs and no alternate accessible route, in violation of the ADA whose remedy is readily achievable.

CC. At least two accessible means of entry shall be provided for swimming pools including an adaptive swimming pool lift per section 242.2, 1009.2 and 1009.3 of the 2010 Standards. There are no safe harboring provisions to this requirement. However, there is no accessible means of egress and no adaptive pool lift to access the swimming pool at this property, in violation of the ADA whose remedy is readily achievable.

DD. The showers/sauna/restroom are inaccessible to guests with mobility impairments due to the presence of steps, in violation of the ADA whose remedy is readily achievable.

EE. Neither of the pool showers provide access for use by guests with mobility impairment or in wheelchairs, in violation of the ADA whose remedy is readily achievable.

FF. The door to access the sauna does not meet the required minimum width for

7

wheelchair users, in violation of the ADA whose remedy is readily achievable.

GG. The threshold at the sauna entrance exceeds ½ inch, in violation of the ADA whose remedy is readily achievable.

HH. In the pool restroom, the lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

II. The emergency phone located near the swimming pool is mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

6 Autumns Public Restrooms

JJ. In the men's restroom, there is insufficient latch side clearance to exit the restroom, in violation of the ADA whose remedy is readily achievable.

KK. In the men's restroom, the door hardware requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

LL. In the men's restroom, the grab bars around the water closet are non-compliant, in violation of the ADA whose remedy is readily achievable.

MM. In the men's restroom, the flush control is not located on the open side of the unit, in violation of the ADA whose remedy is readily achievable.

NN. In the men's restroom, the toilet paper dispenser is not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

OO. In the men's restroom, the water closet is located too close to the side wall, in violation of the ADA whose remedy is readily achievable.

PP. In the men's restroom, the toilet compartment door is not self-closing and lacks door pulls on both sides, in violation of the ADA whose remedy is readily achievable.

QQ. In the men's restroom toilet compartment, the hook is located in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

RR. Upon information and belief, the women's restroom contains similar barriers, in violation of the ADA whose remedy is readily achievable.

Disbursal and Number of Designated Accessible Guestrooms

SS. There are no designated accessible guestrooms equipped with roll-in showers, whereas a minimum of two are required, in violation of the ADA whose remedy is readily achievable.

8

TT. The hotel's designated accessible guestrooms are not disbursed among the various classes of guestrooms, whereas certain of the hotel's suites, two-bedroom suites and "family rooms" at varying price points, square footages and amenity offerings are available only to able-bodied patrons and guests.

UU. Upon information and belief there are an insufficient total number, per the ADA implementing regulations, of designated mobility accessible guestrooms, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures

VV. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in contravention of the ADA whose remedy is readily achievable.

WW. The operators' agent cannot identify and describe accessible features in the guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given guest room meets his or her accessibility needs.

XX. The Defendants' inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Leland Foster.

14. The discriminatory violations described in Paragraph 13 by Defendant **U.S. MANAGEMENT OF ANGOLA INCORPORATED** are not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation and facilities in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff

requires an inspection of the Defendant's place of public accommodation, facilities and operations in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

15. Plaintiff restates the allegations of ¶¶1-14 as if fully rewritten here.

16. The hotel and restaurant at issue, as owned and operated by **U.S. MANAGEMENT OF ANGOLA INCORPORATED**, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

17. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff. As well as implement policy and procedures for the benefit of its patrons with disabilities.

18. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, unlawful and lack of necessary policies and

procedures, and ADA violations that exist at the Facility, including those set forth herein.

19. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

### COUNT II
### VIOLATION OF INDIANA CIVIL RIGHTS LAW
### In. Code §22-9-1 et seq.

20. Plaintiff restates the allegations of ¶¶1-19 as if fully rewritten here.

21. **U.S. MANAGEMENT OF ANGOLA INCORPORATED** operates a "place[s] of public accommodation" pursuant to In. Code §22-9-1-3(m).

22. Defendant committed an unlawful act pursuant to In. Code §22-9-1-2(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. To wit, this hotel does not have numerous required physical features for the benefit of its disabled guests, including an absence of required roll-in showers in guest rooms which deprive a disabled individual, and this Plaintiff, of making use of guestroom bath facilities. Furthermore, Defendant's agents have not been trained to explain the accessibility features at this hotel in order for Mr. Foster to assess independently whether a given guest room meets his accessibility needs.

23. Pursuant to In. Code §22-9-1-6, Plaintiff is entitled to compensatory and punitive damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to

disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq.*, OH Bar no. 0074743
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net
*admitted to N. District of Indiana