# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| LELAND FOSTER, | |
| Plaintiff, | |
| v. | CAUSE NO.: 1:18-CV-91-TLS |
| U.S. MANAGEMENT OF ANGOLA INCORPORATED, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on the parties' Stipulation for Entry of a Consent Decree and Order [ECF No. 22], filed on February 21, 2019. In the proposed Consent Decree, the parties ask that the Court dismiss the case with prejudice, but retain jurisdiction for the purposes of enforcing the Consent Decree. (Stip. ¶ G). The parties also direct that the Defendant shall pay an amount "as has been agreed upon by separate letter agreement." (Stip. ¶ E).

## STANDARD OF REVIEW

There are at least two kinds of stipulated resolutions of civil actions that parties may pursue. First, a plaintiff may voluntarily dismiss a civil action by filing a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A)(ii). A stipulation of dismissal that meets the requirements of Rule 41(a)(1)(A)(ii) is as of right, and deprives the Court of jurisdiction when filed. *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007). Generally, this kind of dismissal is without prejudice unless the parties specify otherwise. Fed. R. Civ. P. 41(a)(1)(B). Stipulations of dismissal thus provide litigants with a flexible tool to negotiate their disputes and cease litigation whenever they wish, determining for themselves,

without need to consult the court, when the litigation will terminate and whether the plaintiff will be precluded from renewing his suit at a future time.

Second, the parties may request a consent judgment as a means of concluding the litigation. While a stipulated dismissal is an agreement by the parties ending the court's jurisdiction, a consent judgment is a discretionary exercise by the court of that jurisdiction in the form of an order that adopts and endorses with the court's authority the settlement agreement of private parties. *See United States v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002) (a consent judgment "is a court order that embodies the terms agreed upon by the parties as a compromise to litigation"); *Schurr v. Austin Galleries of Ill., Inc.*, 719 F.2d 571, 574 (2d Cir. 1983) (describing a consent judgment as "an agreement of the parties entered upon the record with the sanction and approval of the court"). A consent judgment, if granted, thus involves the court in continued supervision of the terms of a contract, which any party to the contract may enforce by returning to the court and initiating contempt proceedings. *See Kasper v. Bd. of Election Comm'rs of the City of Chi.*, 814 F.2d 332, 338 (7th Cir. 1987) (explaining that a consent judgment is "an exercise of federal power, enforceable by contempt"). As a consent judgment requires the Court to expend time and resources to supervise a private settlement agreement, in choosing whether such a judgment should issue, the Court considers: 1) whether the proposed judgment is consistent with the law, 2) does not harm the legitimate interest of third parties, and 3) "is an appropriate commitment of the court's limited resources." *Id.*, at 338. Unlike a stipulated dismissal, which parties may take as of right, litigants wishing the Court to issue a consent judgment must argue why the judgment should issue, and cannot expect the Court unreflectively to endorse their agreement with the full authority of the federal judiciary. *See, e.g.*, *N.L.R.B. v. Brooke Indus., Inc.*, 867 F.2d 434, 436 (7th Cir. 1989) (parties were "incorrect to

contend that [the judge had] no choice but to rubber stamp their proposal" by issuing a consent judgment).

## ANALYSIS

As stated above, consent judgments may be granted by the Court if the judgment is consistent with the law, does not harm third parties, and is an appropriate use of judicial resources. *See Kasper*, 814 F.2d at 338. However, the parties' Stipulation only provides that the parties have agreed to the proposed Consent Decree and Order; it does not provide reasons why a consent judgment is more appropriate in this case than a stipulated dismissal, nor why a consent judgment would be an "appropriate commitment of the court's limited resources." *Id*. The parties must also support the conclusion that, if the Defendant makes the identified changes to the property, the Court may make a finding that the property is in compliance with the ADA and Indiana law to the extent "readily achievable." *See* Stip. ¶ D.

Additionally, as this consent decree functions as an injunction, the parties must include all the terms explicitly. *See* Fed. R. Civ. P. 65(d), *Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 636 (explaining that a court order entering judgment to enforce the parties' settlement agreement is an injunction and must satisfy Rule 65(d)); *see also Dupuy v. Samuels*, 465 F.3d 757, 758 (7th Cir. 2006) (explaining that Rule 65(d) "requires that an injunction be a self-contained document rather than incorporate by reference materials in other documents"). The parties have not done so. First, the parties commonly reference the 2010 ADA Standards as the metric for the Defendant's alterations to the property to meet; however, the standards must be included in the document itself before the Consent Decree can be entered. Other references to external documents will need to be amended as well. *See, e.g.,* Stip. ¶ A.45 ("Site Accessibility

Evaluation"). Additionally, paragraph E of the stipulation, which dictates that the Defendant pay an amount "as has been agreed upon by separate letter agreement," must be changed as well.

Thus, the Court TAKES UNDER ADVISEMENT the parties' Stipulation for Entry of a Consent Decree and Order [ECF No. 22]; and orders that, by May 10, 2019, the parties file either: (1) a stipulated dismissal as of right pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), dismissing the entire action and signed by all the parties' representatives, or (2) a brief for the Court addressing why a consent judgment would be consistent with the law, would not cause harm to the legitimate interest of third parties, and is an appropriate commitment of the court's limited resources, and attaching an amended Consent Decree which complies with Rule 65(d).

SO ORDERED on April 8, 2019.

                                              s/ Theresa L. Springmann
                                              CHIEF JUDGE THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT